CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 0 7 2006
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH E. SPENCE, JR., | ) | CASE NO. 3:05CV00069 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By:  B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 14, 2002 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, GRANTING the plaintiff's motion for summary judgment, entering judgment for the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

In a decision dated February 12, 2004, an Administrative Law Judge ("Law Judge") found that plaintiff suffered severe impairments which disabled him from his past relevant work but, because plaintiff's subjective complaints were not found totally credible, the Law Judge further determined that plaintiff's impairments and their effects did not prevent him from performing "substantially all of a full range of light work." (R. 86-94 at 94.) He further applied the Medical-

Vocational Guidelines ("grids") to compel a conclusion that plaintiff was not disabled. On appeal, the Appeals Council determined that the Law Judge had not adequately evaluate plaintiff's credibility, his subjective complaints and his residual functional capacity. (R. 121, 122.) The Council vacated the Law Judge's decision and remanded the case to him for further proceedings.

In a second decision after conducting a supplemental proceeding, which was eventually adopted as a final decision of the Commissioner, the same Law Judge found that plaintiff, who was 49 years old with a ninth or tenth grade education and with past relevant work as a carpenter, had not engaged in substantial gainful activity since his alleged date of disability onset, May 1, 2002[1]; and was insured for benefits at least through the date of his May 17, 2005 decision. (R. 19, 25.) The Law Judge further found that plaintiff has degenerative disc disease of the spine, tendonitis of the right shoulder and hypertension, which are severe impairments, though not severe enough to meet or equal any listed impairment, when viewed singly or in combination. (R. 22, 25.) The Law Judge was of the view that plaintiff's subjective allegations regarding his limitations were "not totally credible," and that he retained the residual functional capacity to perform a full range of light work that would not require him to lift more than 20 pounds occasionally and 10 pounds frequently, sit for longer than two hours or stand and walk for longer than six hours in an eight hour workday. (R. 24-25, 26.) Because plaintiff's past relevant work exertionally was at least medium exertional, and heavy as described by plaintiff, the Law Judge determined that he could not return to his past relevant work. (R. 24, 25.) By application of the Medical-Vocational

---

[1] The Law Judge pointed to instances in the record which he contends support a finding that plaintiff was performing substantial gainful activity after his alleged disability onset date. (R. 232, 236, 252, 256, 257.) The Law Judge ultimately concluded that because the information was not definitive, the evidence was insufficient to show plaintiff had been engaging in substantial gainful activity. (R. 20-22.)

2

Guidelines ("grids"), 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2, § 202.19,, the Law Judge was regulatorily compelled to conclude plaintiff was not disabled under the Act.[2] (R. 25, 26.)

Plaintiff again appealed this second decision to the Appeals Council. (R. 18-26, 15-17.) The Appeals Council found no basis in the record, or in any argument advanced on appeal, to review the Law Judge's decision. (R. 15-17.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In a brief filed in support of his motion for summary judgment, plaintiff contends that the Law Judge failed to consider his non-exertional limitations. Specifically, plaintiff argues that the Law Judge did not recognize or consider the postural limitations noted by his treating physician, by the consultative physician who examined the plaintiff on behalf of the Commissioner, and by the DDS nonexamining record review physician.

Plaintiff's primary treating physician, Jerry W. Martin, M.D., opined that, because of his pain, plaintiff was able to lift less than ten pounds, could stand/walk only 15 minutes without interruption, was limited in the use of his upper and lower extremities and never could balance or climb ramps, stairs, ladders, ropes or scaffolds, kneel, crouch, crawl and stoop. (R. 264, 265.) This doctor specifically opined that plaintiff suffered significant limitations on manipulative skills which, *inter alia*, prevented him from reaching and handling, and that his ability to be exposed to temperature, dust, humidity/wetness, hazards, and fumes/gases also was limited. (R. 266, 267.)

---

[2] A VE was present at the hearing but was not called on behalf of the Commissioner in discharge of her sequential burden, to come forward with evidence relating to the availability of jobs to a person with plaintiff's maladies and limitations. Instead, the Law Judge relied entirely on the grids and essentially found that such discharged the Commissioner's burden at the final level of the sequential evaluation.

3

Chris Newell, M.D., the consultative examining physician, determined that while plaintiff could lift /carry up to ten pounds frequently, there were limitations on his ability to bend, stoop, crouch, reach, handle, grasp and touch. (R. 238.) He made no comment, one way or the other, relating to environmental limitations, which clearly are non-exertional limitations. (R. 235-241.) The DDS nonexamining record review physician, R.S. Kadian, M.D., partially credited plaintiff's complaints of back pain and opined that plaintiff was limited to occasionally climbing ramps, stairs, ladders, ropes or scaffolds; balancing; stooping; kneeling; crouching; and crawling. (R. 245.) He noted that the extant record at the time of his review, October 12, 2002, failed to establish manipulative and environmental limitations. (R. 246, 247.) However, though it is imminently clear from the record as a whole that Kadian's review preceded those of both Martin and Newell, and most certainly his readoption on May 7, 2003 provides no factual basis for his conclusions particularly in view of the evidence from the treating and examining doctors.

In his decision dated February 12, 2004, the Law Judge found that plaintiff could perform light exertional work which required "postural activities no more than on an occasional basis." (R. 92.) In his second decision, the same Law Judge determined that plaintiff could perform a "full range of light work" and that he suffered "no non-exertional limitations." (R. 24-25, 26.) One should ask, "Why such a change?"

To arrive at the latest conclusions, the Law Judge was required to have ignored essentially all the relevant examining medical evidence whether produced by the plaintiff or the Commissioner to have accepted DDS record review by Dr. Kadian, which provided no factual support for the readopted conclusions. Both examinations disclosed manipulative limitations and the Commissioner's examiner certainly did not dispel the treating doctor's views about environmental limitations. The examining evidence, therefore is collectively uniform in recognizing that plaintiff

4

suffers certain postural and manipulative limitations, which are both exertional and non-exertional as the result of plaintiff's pain. More importantly, there is nothing in the record which controverts the evidence by plaintiff's treating doctor revealing environmental limitations, which are non-exertional beyond peradventure. 20 C.F.R. §§ 404.1569 and 416.969, Appendix 2, § 200.00(e).

Of course, all this is critical to the decision-making process here because, under the Commissioner's own regulations and a long line of decisional authority in this Circuit which is unnecessary to cite, if the Commissioner elects to discharge her sequential burden at the final level of the sequential process where non-exertional limitations are present, vocational evidence is necessary. While a VE was present at the second proceeding, he was left on the sidelines. The Law Judge relied instead on the strength of his finding that no non-exertional limitations were present to justify his use of the grids in discharge of the Commissioner's burden. In the undersigned's view, the substantial and unchallenged evidence in this case is that plaintiff suffers non-exertional limitations on his ability to perform work-related activities. In the absence of evidence substantially supporting the Law Judge's change in his findings, a decision applying the grids as a sole basis for determining the availability of work to the plaintiff, risks reversal and the award of benefits.

In so concluding, the undersigned acknowledges plaintiff's argument that the Law Judge did little, if anything, to comply with the Appeals Council's mandate requiring him to make specific findings upon remand. Had the Law Judge complied, those findings almost certainly would have mandated vocational testimony, which the Law Judge elected not to adduce. The undersigned has no answer for why the Council was not concerned by the process on remand when it denied review of the second decision, but its denial of review adopted the effects of the error committed by the Law Judge in this case.

For these reasons, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision, GRANTING the plaintiff's motion for summary judgment, ENTERING judgment for the plaintiff and RECOMMITTING the case to the Commissioner solely to calculate and pay proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

7/7/06
Date