CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 2 3 2006

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOSEPH E. SPENCE, JR.,<br><br>          *Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>          *Defendant.* | CIVIL ACTION NO. 3:05CV00069<br><br><br>ORDER AND OPINION<br><br><br>JUDGE NORMAN K. MOON |

  By standing order of the Court, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The Magistrate filed his report on July 7, 2006, recommending that this Court enter an Order reversing the Commissioner's final decision, granting the Plaintiff's motion for summary judgment, entering judgment in favor of Plaintiff, and recommitting the case to the Commissioner for the sole purpose of calculating and paying proper benefits. Defendant filed objections to this Report on July 13, 2006. Said objections having been timely and appropriately lodged, this Court must undertake a *de novo* review with respect to those portions of the report to which objections were made. 28 U.S.C.A. § 636(b)(1); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the objections, the supporting memoranda, the applicable law, the documented record, and the report and recommendation, this Court shall

1

adopt in part the Magistrate Judge's recommendations and remand this case to the Commissioner for further proceedings.

The Magistrate Judge found that the ALJ ignored evidence that Plaintiff possessed postural and manipulative limitations, which are both exertional and non-exertional. Further, the ALJ failed to consider uncontradicted evidence offered by Plaintiff's treating doctor regarding his environmental limitations, which are clearly non-exertional. Hence, the ALJ erroneously concluded that no non-exertional limitations were present and that the testimony of a vocational expert was thus not necessary to determine that Plaintiff was not disabled. The Commissioner does not object to the Magistrate Judge's finding that no substantial evidence supports the ALJ's determination regarding Plaintiff's non-exertional limitations.

The Commissioner does object, however, to the Magistrate Judge's recommendation that summary judgment be entered for Plaintiff and that the case be remanded solely for the purpose of determining benefits. Rather, the Commissioner requests that the case be remanded so that the ALJ can obtain vocational expert testimony regarding the availability of work in the national economy for Plaintiff despite his non-exertional limitations. The Commissioner argues that when the ALJ's decision is not supported by substantial evidence, remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). This is so because a court may not award benefits on grounds other than those provided by statute, and the Act requires a finding that the claimant is disabled in order to qualify for benefits. *Id.* at 356-57; 42 U.S.C. § 423(a)(1)(E).

In response, Plaintiff argues that where he has survived the first four steps of the

2

sequential disability inquiry, the burden shifts to the Commissioner to show by substantial evidence that there is other work that Plaintiff could perform available in the national economy. Although Plaintiff is correct that the burden shifts to the Commissioner at stage five of the sequential inquiry, in cases where no expert vocational evidence has been adduced and thus the record is bare as to the availability of other jobs, courts considering the issue must remand for further evidence. *See, e.g., Wilson v. Califano*, 617 F.2d 1050, 1053-55 (4th Cir. 1980); *Warner v. Califano*, 623 F.2d 531, 532 (8th Cir. 1980).

Here, without vocational evidence, the record does not support a finding of disability because evidence needed for the fifth step of the sequential inquiry is absent, and thus the Court cannot adopt that portion of the Magistrate Judge's Report recommending a remand solely to determine benefits. The Court therefore ADOPTS in part the Report and Recommendation of the Magistrate Judge, REVERSES the final decision of the Commissioner, and RECOMMITS this case to the Commissioner for a determination of whether Plaintiff's non-exertional limitations are disabling at step five of the sequential evaluation.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: [signature]
U.S. District Court Judge
DATE: 8/23/06

3

Case 3:05-cv-00069-NKM-BWC   Document 15   Filed 08/23/06   Page 3 of 3   Pageid#: 63